**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRIAN HAWKINS,                          )
                                        )
                    Plaintiff,          )
        v.                              )        No. 1:17-cv-2575-KBJ
                                        )
ROBERT WILKIE, Secretary of            )
Veterans Affairs, and                   )
                                        )
DEPARTMENT OF VETERANS AFFAIRS,  )
                                        )
                    Defendants.         )
_____ )

## ANSWER TO AMENDED COMPLAINT

Defendants hereby answer Plaintiff's amended complaint as follows:

## NATURE OF ACTION

1.      This paragraph is a characterization of Plaintiff's lawsuit to which no response is required.

2.      This paragraph contains legal conclusions to which no response is required.

3.      This paragraph contains a legal conclusion to which no response is required.

4.      This paragraph contains a legal conclusion to which no response is required.

5.      This paragraph contains a legal conclusion to which no response is required.

6.      This paragraph contains a legal conclusion to which no response is required.

7.      Defendants admit that they received a Freedom of Information Act request from Plaintiff on October 19, 2017, but otherwise state that this paragraph contains a characterization of Plaintiff's lawsuit and a legal conclusion to which no responses are required.

## PARTIES

8.     Defendants admit that Plaintiff is a U.S. citizen but lack information sufficient to admit or deny the remainder of the first sentence.  Defendants admit the second sentence.

9.      Defendants deny that Peter O'Rourke, who is no longer employed at the VA, is a Principal Officer of the United States, and state that the remainder of the paragraph is a characterization of Plaintiff's lawsuit to which no response is required.

10.      Admit.

## JURISDICTION AND VENUE

11.     This paragraph contains legal conclusions to which no response is required.

12.     This paragraph contains a legal conclusion to which no response is required.

13.     This paragraph contains a legal conclusion to which no response is required.

14.     This paragraph contains legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

15.     Admit.

16.     Admit.

17.     This paragraph contains a legal conclusion to which no response is required.

18.     Admit.

19.     Defendants deny the first sentence.  The second sentence contains legal conclusions to which no response is required.

20.     Defendants admit the first sentence.  The remainder of the paragraph is a characterization of the Veterans Choice Access and Accountability Act of 2014, and Defendants respectfully refer the Court to that Act for a complete and accurate statement of its contents.

21.     Defendants admit that, on May 31, 2016, then Attorney General Lynch sent a letter to Congress under 28 U.S.C. § 530D but state that the Department of Justice declined to defend only 38 U.S.C. § 713(e)(2).

22.     Defendants deny this allegation, other than to admit that they abstained from relying on those provisions of 38 U.S.C. § 713 implicated by the §530D letter sent by then Attorney General Lynch to Congress to discipline VA employees.

23.     Admit.

24.     Admit.

25.     This paragraph contains a legal conclusion to which no response is required.

26.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

27.     This paragraph contains a legal conclusion to which no response is required.

28.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph; Wright-Simpson and Young are no longer with the Agency.

29.     This paragraph contains a legal conclusion to which no response is required.

30.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph; Alaigh and Young are no longer with the Agency.

31.     This paragraph contains a legal conclusion to which no response is required.

32.     Defendants lack knowledge or information sufficient to admit or deny the allegation in this paragraph.

33.     This paragraph contains allegations that, if true, describe communications protected by the attorney-client privilege, but Defendants are not required to disclose privileged information and on that basis decline to respond.

34.     This paragraph contains a legal conclusion to which no response is required.

35.     This paragraph contains allegations that, if true, describe communications protected by the attorney-client privilege, but Defendants are not required to disclose privileged information and on that basis decline to respond.

36.     This paragraph contains a legal conclusion to which no response is required.

37.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

38.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

39.     This paragraph contains allegations that, if true, describe communications protected by the attorney-client privilege, but Defendants are not required to disclose privileged information and on that basis decline to respond.

40.     This paragraph contains a legal conclusion to which no response is required.

41.     This paragraph contains allegations that, if true, describe communications protected by the attorney-client privilege, but Defendants are not required to disclose privileged information and on that basis decline to respond.

42.     This paragraph contains a legal conclusion to which no response is required.

43.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph; Wright-Simpson and Culpepper are no longer with the Agency

44.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

45.     Deny except to admit that Secretary Shulkin indicated that he thought Hawkins should be removed from the federal service if Hawkins had, in fact, engaged in misconduct.

46.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

47.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

48.     Deny except to admit that Wright-Simpson indicated that she thought Hawkins should be removed from federal service if Hawkins had, in fact, engaged in misconduct.

49.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

50.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

51.     Admit.

52.     Admit.

53.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

54.     Defendants admit that on April 26, 2017 then-Secretary Shulkin stated, in a briefing at the White House, that "we are continuing our investigation as to the actions that will result from the management perspective," but Defendants lack knowledge or information sufficient to admit or deny the connection between the quoted language and the OIG Interim Summary Report.

55.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

56.     Deny

57.     Deny

58.     Defendants admit the allegations in this paragraph, except to deny that the Federal

Circuit invalidated § 713 in its entirety; the Federal Circuit invalidated only § 713(e)(2) and

related portions of § 713(e)(3) and § 713(e)(5).

59.     Defendants admit that, in a May 31, 2017 briefing at the White House, then-

Secretary Shulkin stated that "[d]espite the limitations of the existing law, we've recently

removed the Washington, D.C. medical director from their position" in reference to Hawkins,

and state that the remainder of the paragraph is a characterization of the former Secretary's

remarks to which no response is required.

60.     Admit.

61.     Defendants admit that Vargas interviewed Hawkins on or around June 8, 2017,

but otherwise deny.

62.     Admit.

63.     This paragraph contains a characterization of the June 9, 2017 proposed removal

to which no response is required.

64.     Defendants admit that President Trump signed the Department of Veterans

Affairs Accountability and Whistleblower Protection Act of 2017 (DVAAWPA) on June 23,

2017, and state that the remainder of the paragraph contains a characterization of the

DVAAWPA to which no response is required.

65.     This paragraph contains a legal conclusion to which no response is required.

66.     This paragraph contains a legal conclusion to which no response is required.

67.     Admit?

68.     This paragraph contains legal conclusions to which no response is required.

69.     Defendants admit that Plaintiff submitted a written response on July 5, 2017 to the June 9, 2017 proposed removal, but state that the remainder of the paragraph contains a characterization of Plaintiff's July 5, 2017 written response which no response is required.

70.     This paragraph contains a characterization of Plaintiff's July 5, 2017 written response, to which no response is required.

71.     Admit.

72.     Deny.

73.     Deny.

74.     Defendants deny this paragraph to the extent it suggests that LaPuz had doubts about the record evidence, but Defendants admit that LaPuz wanted Plaintiff to provide his explanation of certain findings in the record.

75.     Deny.

76.     Defendants admit that Plaintiff did not answer all of LaPuz's questions because Plaintiff was not prepared but deny that Lapuz had a predetermined list of questions that went unasked.

77.     Defendants admit the first sentence.  The second sentence is a characterization of the letter to which no response is required.

78.     This paragraph contains a characterization of the CSEMO letter to which no response is required.

79.     Admit.

80.     This paragraph contains a characterization of the July 26, 2017 decision to which no response is required.

81.     Defendants admit that the U.S. Office of Special Counsel (OSC) enforces merits systems principles and that it requested that Defendants stay Plaintiff's removal for 14 days, but state that the remainder of the paragraph is a characterization of OSC's stay request, to which no response is required.

82.     Admit.

83.     Admit.

84.     Admit.

85.     This paragraph contains excerpts of OSC's stay request to which no response is required.

86.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

87.     Defendants admit that a statement regarding Plaintiff's removal containing the quoted language was provided to select media outlets.

88.     Admit.

89.     Defendants admit that on August 9, 2017 the Agency issued a press release regarding the MSPB stay order, but otherwise state that the remainder of the paragraph contains excerpts of the release to which no response is required; Defendants respectfully refer the Court to the press release, https://www.va.gov/opa/pressrel/pressrelease.cfm?id=2939,  for a full and accurate statements of its contents.

90.     This paragraph contains a characterization of a newspaper article to which no response is required.

91.     Defendants admit that President Trump made the quoted statements on August 12, 2017 in Bedminster, New Jersey, but otherwise state that they lack knowledge or information sufficient to admit or deny the remainders of the paragraph.

92.     This paragraph contains a characterization of a newspaper article to which no response is required.

93.     Admit.

94.     Admit.

95.     Admit.

96.     This paragraph contains legal conclusions to which no response is required.

97.     The first sentence of this paragraph contains characterizations of the August 22, 2017 proposed removal to which no response is required. As to the second sentence, defendants admit that the one of the charges was based on information in the possession of the Agency as of June 9, 2017 and otherwise lack knowledge or information sufficient to admit or deny the allegations.

98.     This paragraph contains a legal conclusion to which no response is required.

99.     This paragraph contains a characterization of the August 22, 2017 proposed removal to which no response is required.

100.    Admit.

101.    Admit.

102.    This paragraph contains a legal conclusion to which no response is required.

103.    Admit.

104.    Admit.

105.    Defendants admit that Plaintiff submitted his written response to the August 22, 2017 proposed removal on September 5, 2017.  The remainder of the paragraph contains a characterization of Plaintiff's September 5, 2017 written response to which no response is required.

106.    This paragraph contains a characterization of Plaintiff's September 5, 2017 written response to which no response is required.

107.    Defendants admit that Plaintiff's September 5, 2017 written response included a declaration from Culpepper, but otherwise state that the paragraph contains characterizations of the declaration to which no response is required.

108.    Admit.

109.    Defendants admit that Barber sent a letter to Plaintiff on September 12, 2017, but state that the remainder of the paragraph contains a characterization of the letter to which no response is required.

110.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

111.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

112.    Defendants admit that Tucker issued a decision on September 13, 2017, removing Hawkins from Federal Service effective September 16, 2017, but otherwise state that the paragraph contains characterizations of Tucker's decision to which no response is required.

113.    Admit.

114.    Defendants admit that Tucker reviewed the Culpepper declaration included with Hawkins's response prior to issuing the decision, but to the extent this paragraph alleges

anything else, Defendants lack knowledge or information sufficient to admit or deny the allegation(s).

115.    This paragraph contains a characterization of the September 13, 2017 decision to which no response is required.

116.    Admit.

117.    Admit.

118.    Admit.

119.    Defendants admit that Plaintiff submitted a FOIA and Privacy Act request on October 19, 2017, but state that the remainder of the paragraph contains characterizations of those requests to which no response is required.

120.    Admit that former Secretary Shulkin received at least one email related to work at his personal account, which he forwarded to his government email account.

121.    This paragraph contains a characterization of VA Memorandum VAIQ #7581492 to which no response is required.

122.    Defendants lack information or knowledge necessary to admit or deny the allegations in this paragraph.

123.    This paragraph contains a characterization of the August 22, 2017 proposed removal decision to which no response is required.

124.    Admit.

125.    Defendants admit that Plaintiff notified them on November 22, 2017 that he intended to seek judicial review, but state that the remainder of the paragraph is a characterization of Plaintiff's communication to which no response is required.

126.    Admit.

127.    Admit.

128.    Admit.

129.    Admit.

130.    Admit.

131.    Admit.

132.    Admit.

133.    Admit.

134.    This is a characterization of the communication between Defendants and Plaintiff to which no response is required.

135.    Admit.

136.    This paragraph contains a characterization of a newspaper article to which no response is required.

137.    Admit

138.    Admit.

139.    Admit.

140.    Admit.

141.    Admit.

142.    Defendants admit that they have not yet produced any of the requested documents.

143.    Admit.

## CLAIMS FOR RELIEF

**COUNT I – Judicial Review Pursuant to 38 U.S.C. § 713**

144.     Defendant incorporates the responses to pargraphs 11-117 and 120-123 as if stated here.

145.     This paragraph contains a characterization of Plaintiff's September 5, 2017 response to which no response is required.

146.     This paragraph contains a legal conclusion to which no response is required.

147.     Admit.

148.     Deny.

149.     Defendants admit that Plaintiff did not grieve the September 13, 2017 decision, but state that the remainder of the paragraph contains a legal conclusion to which no response is required.

150.     This paragraph contains legal conclusions to which no response is required.

151-55. These paragraphs contain legal conclusions to which no responses are required.

**COUNT II – Violation of Constitutional Due Process (Predetermination)**

156.     Defendants incorporate their responses to paragraphs 11-118 and 125-26, 134, and 136 as if stated here.

157.      This paragraph contains a legal conclusion to which no response is required.

158-61. These paragraphs contains legal conclusions to which no responses are required.

**COUNT III - Violation of Constitutional Due Process (DVAAWPA Not Retroactive)**

162.      Defendants incorporate their responses to paragraphs 11-117 as if stated here.

163.     This paragraph contains a legal conclusion to which no response is required.

164.     This paragraph contains a legal conclusion to which no response is required.

165.    Admit.

166.    Admit.

167.    This paragraph contains a legal conclusion to which no response is required.

**COUNT IV - Violation of Constitution Due Process (Improper Use of Substantial Evidence Standard of Proof)**

168.    Defendants incorporate their response to paragraphs 11-117 as if stated here.

169-74. These paragraphs contain legal conclusions to which no responses are required.

**COUNT V - Violation of Statutory Due Process – 38 U.S.C. § 713 (2017)**

175.    Defendants incorporate their responses to paragraphs 11-117 as if stated here.

176-79. These paragraphs contain legal conclusions to which no responses are required.

**COUNT VI -   Failure to Release Non-Exempt Responsive Records – 5 U.S.C. § 552**

180.    Defendants incorporate their responses to paragraphs 119-143 as if stated here.

181.    This paragraph contains a characterization 5 U.S.C. § 552(a)(3) to which no response is required; Defendants respectfully refer the court to § 552(a)(3) for a full and accurate statement of its contents.

182.    This paragraph contains a characterization 5 U.S.C. § 552(a)(6)(i) to which no response is required; Defendants respectfully refer the court to § 552(a)(6)(i) for a full and accurate statement of its contents.

183.    This paragraph contains a legal conclusion to which no response is required.

184.    This paragraph contains a legal conclusion to which no response is required.

185.    Defendants admit that they have not produced to Plaintiff any of the documents sought in his October 19, 2017 request.

186.    Admit.

14

187.    This paragraph contains legal conclusions to which no response is required.

### Prayer for Relief

The remaining paragraphs of Plaintiff's Amended Complaint contain his prayer for relief

to which no response is required.

Date: February 8, 2019                          Respectfully submitted,

                                                JOSEPH H. HUNT
                                                Assistant Attorney General

                                                CHRISTOPHER R. HALL
                                                Assistant Branch Director

                                                    *s/ Justin M. Sandberg*
                                                Justin M. Sandberg (Ill. Bar. No. 6278377)
                                                Senior Trial Counsel
                                                U.S. Department of Justice
                                                Civil Division, Federal Programs Branch
                                                20 Massachusetts Avenue N.W.
                                                Washington, D.C. 20530
                                                Tel.:    (202) 514-5838
                                                Fax:     (202) 616-8202
                                                Email: justin.sandberg@usdoj.gov

                                                *Counsel for Defendants*