**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRIAN HAWKINS,

Plaintiff,

v.

ROBERT WILKIE, Secretary of Veterans Affairs, and

DEPARTMENT OF VETERANS AFFAIRS,

Defendants.

No. 1:17-cv-2575-KBJ

**JOINT RULE 26(f) SCHEDULING REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16.3 and the Court's Order dated February 11, 2019, the parties hereby jointly make the following report with regard to each matter enumerated in LcVR Rule 16.3. As to those matters on which the parties disagree, their respective provisions are set forth under each item. A proposed scheduling order is attached to this report.

**Statement of the Case**

Plaintiff, the former medical director of the U.S. Department of Veterans Affairs ("VA") Medical Center in Washington, D.C., alleges that Defendants improperly removed him from the department, in violation of 38 U.S.C. § 713 and the Due Process Clause of the Fifth Amendment. He also contends that Defendants improperly withheld documents in violation of the Freedom of Information Act. Defendants moved to dismiss a single claim in Plaintiff's amended complaint and moved to strike material from the amended complaint, which Defendants assert is privileged. The Court denied both motions, but, as to the motion to strike, the Court did not rule on whether or not the material is privileged. Defendants have since filed an answer and, with the written consent of Plaintiff, an amended answer.

**Local Rule 16.3(c) Topics**

**1. Whether the case is likely to be disposed of by dispositive motions; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

**Plaintiff's Position:** Plaintiff intends to file a motion for partial summary judgment on Count I, ¶¶151 and 153, Count III, Count IV, and Count V of the Amended Complaint. Plaintiff agrees these counts and Count VI may be resolved on the basis of the administrative record.

Plaintiff believes discovery is necessary to resolve the remaining counts in his Amended Complaint. He recommends the discovery deadlines begin to run from the date of the Court's adjudication of the motion for partial summary judgment, rather than from the date of the initial scheduling conference.

**Defendants' Position:** Defendants agree that this case would be appropriate for resolution on summary judgment. However, as set forth in greater detail in Paragraph 6, *infra*, Defendants believe that summary judgment motion practice should be deferred to provide the parties a reasonable opportunity to discuss potential settlement, and that a modest stay of litigation to permit the parties to focus on that possibility would serve the interests of judicial economy.

Otherwise, except as set forth in Paragraph 8, *infra*, Defendants contend that discovery is inappropriate in this case because it should be resolved on the basis of the administrative record compiled by Defendants. To the extent the Court permits discovery, Defendants contend that it should be stayed until Plaintiff's planned motion for summary judgment is resolved.

**2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

At this time, the parties do not intend to further amend the pleadings or join additional parties, but they reserve the right to do so. Any joinder or amendment of pleadings shall occur no later than forty-five (45) days after the entry of a scheduling order, unless a showing of good cause is made pursuant to Rule 16.

**3. Whether the case should be assigned to a magistrate judge for all purposes, including trial**

The parties do not consent to assignment of this case to a magistrate judge for all purposes.

**4. Whether there is a realistic possibility of settling the case.**

Both parties are open to settlement. Plaintiff opposes Defendants' proposal to stay litigation to allow the parties to discuss settlement.

**5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

**Plaintiff's Position:** Plaintiff is presently opposed to any stay of this litigation to either participate in ADR or to otherwise allow the parties to engage in settlement negotiations. Plaintiff invites Defendants to present him a settlement offer and will consider in good faith any such offer.

**Defendants' Position:** Defendants believe that this case is potentially amenable to resolution through settlement, and further believe that it would conserve the parties' resources and serve the interests of judicial economy to permit the parties a reasonable opportunity to explore that possibility without being required to conduct active litigation at the same time. Thus, as set forth in paragraph 6, *infra*, Defendants would propose a modest stay of litigation—sixty days or whatever shorter period the Court deems appropriate—to permit the parties to do so. Defendants do not believe that referral to the Court's ADR process is necessary for the parties to productively discuss settlement, particularly if the Court is amenable to entering a modest stay of litigation, but would not oppose a referral to mediation at this time should the Court believe that a referral would be of assistance in helping the parties carry out productive settlement negotiations. And Defendants otherwise remain open to requesting referral to the Court's ADR process as the case develops.

**6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for decision on the motions.**

**Plaintiff's Position:** Plaintiff anticipates filing a motion for partial summary judgment. Plaintiff proposes that he file his motion for partial summary judgment on or before Friday, March 22, 2019. Plaintiff proposes that any Defendants' response and/or cross-motion for summary judgment be due thirty days from the date Plaintiff files his motion for summary judgment; a thirty-day period for Plaintiff to file a reply in support of his motion and respond to Defendant's cross-motion, if any; and a fourteen-day period for Defendants to file a reply in support of their cross-motion, if any. Plaintiffs defer to the Court regarding the timing of a decision on summary judgment.

**Defendants' Position:** Defendants agree that this case would be appropriate for resolution on summary judgment. However, Defendants also believe that summary judgment motion practice would be premature at this juncture and might ultimately prove unnecessary and wasteful of the parties' and the Court's resources, as the parties have communicated a mutual interest in exploring the possibility of resolution through settlement. Thus, although substantive settlement discussions have not yet commenced in earnest, Defendants submit that it would serve the interests of judicial economy for the Court to stay the litigation for sixty days, or whatever period the Court deems appropriate, to permit the parties to focus their attention and resources on negotiating toward possible settlement. Defendants' counsel have suggested this approach to Plaintiff's counsel; Plaintiff's counsel expressed a preference to continue active litigation while discussing settlement at the same time. Defendants acknowledge Plaintiff's prerogative to determine how to pursue his claims, but nonetheless believe that a modest stay of litigation would assist the parties in exploring settlement while mitigating the risk of unnecessarily and unduly protracting the resolution of the matter in controversy and requiring an unnecessary and unreasonable expenditure of time and financial

resources.

Should the Court determine that a modest stay of litigation is not warranted, Defendants propose the same schedule for briefing following the filing of the initial motion as Plaintiff, i.e. that Defendants be afforded 30 days to respond to Plaintiff's anticipated early summary judgment motion and, if need be, to cross-move for summary judgment, Plaintiff be afforded 30 days to file a reply in support of his motion and respond to Defendant's cross-motion, if any, and Defendants be afforded 14 days to file a reply in support of their cross-motion, if any. There is one caveat: If Plaintiff files his brief on March 22, 2019, Defendants request 37 days to respond to Plaintiff's motion, and if need be, cross move, because one of the litigating counsel for Defendants will be on a long-scheduled vacation the week of April 12-19. Defendants would defer to the Court regarding the timing of a decision on summary judgment.

7.  **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form, or timing of those disclosures.**

**Plaintiff's Position:** Plaintiff agrees initial disclosures are unwarranted for Count I, ¶¶151 and 153, Count III, Count IV, Count V, and Count VI of the Amended Complaint because those claims should be appropriately resolved on the basis of the administrative record. Plaintiff believes discovery is necessary for Count I, ¶152, and Count II of the Amended Complaint, as further articulated in Paragraph 8, *infra*.

However, because Plaintiff believes this case may resolve on his motion for partial summary judgment of Count I, ¶¶151 and 153, and Count III, Count IV, Count V of the Amended Complaint, he recommends the discovery deadlines begin to run from the date of the Court's adjudication of the motion for partial summary judgment, rather than from the date of the initial scheduling conference.

**Defendants' Position:** Defendants contend that initial disclosures are not appropriate in this action because it should be resolved on the basis of the administrative record compiled by

Defendants. Local Civil Rule 26.2 provides that initial disclosures are not required in "an action for review on an administrative record." Plaintiff has brought suit under 38 U.S.C. § 713(b)(6). It reads as follows:

> In any case in which judicial review is sought under paragraph (5), the court shall review the record and may set aside any Department action found to be--
> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with a provision of law;
> **(B)** obtained without procedures required by a provision of law having been followed; or
> **(C)** unsupported by substantial evidence.

38 U.S.C. § 713(b)(6). This language of this standard closely parallels the language in § 706 the Administrative Procedure Act. *See* 5 U.S.C. § 706. The Supreme Court has long interpreted the language in § 706 to mean that review should be based on the administrative record compiled by the agency. *Citizens to Preserve Overton Park Inc. v. Volpe*, 401 U.S. 402, 420 (1971). Thus, this suit is "an action for review on an administrative record" and is, therefore, exempt from the initial disclosure requirement.

Plaintiff does not dispute that his claims are record-review claims and that discovery is appropriate only if an exception to the record-review rule applies. But he contends that two exceptions apply, namely, the exception for bad-faith agency conduct (Count I) and an exception for constitutional claims (Count II). This contention is flawed.

Under the bad-faith exception, discovery is permitted only if plaintiff makes a "strong showing" that the agency acted in bad faith, such that there is a question about whether the record is complete sufficient to overcome the presumption that the agency has properly designated the record. *Saratoga Dev. Corp. v. United States*, 21 F.3d 445, 458 (D.C. Cir. 1994) (discussing need for "strong showing" of bad faith); *Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006). ("Therefore, absent clear evidence to the contrary,

an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record."). To demonstrate bad faith, Plaintiff relies on (i) allegations in his complaint regarding the former Secretary's email usage and (ii) newspaper articles regarding the same.

He falls well short of making the necessary "strong showing" to question the agency's good faith and, by extension, the record's completeness. First, the administrative record constitutes the material relied on by the decision-maker when reaching his decision, and there is no reason to believe that the decision-maker relied on information regarding former Secretary Shulkin's email usage when deciding whether Plaintiff improperly used his email. *See Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 13 (D.D.C. 2001) (explaining that "the mere fact that certain information is not in the record does not alone suggest that the record is incomplete" for purposes of showing bad faith). Second, even "harsh allegations" about the former Secretary's email usage do not provide the strong showing necessary to demonstrate bad faith in the compilation of the record. *Ervin & Assocs., Inc. v. Cisneros*, 1996 WL 622152, at *3 (D.D.C. Oct. 22, 1996). Third, arguments regarding unspecified "published media accounts" about the former Secretary's email usage similarly do not constitute a strong showing of bad faith in the compilation of the record in this case; courts have declined to find bad faith in the face of much stronger showings by a plaintiff, *see, e.g., Amfac Resorts*, 143 F. Supp. 2d at 13 (concluding that declaration asserting that documents were omitted from the record, even if true, did not demonstrate bad faith).

Plaintiff's argument that he is entitled to discovery simply because he has raised a constitutional claim similarly fails. There are four well-recognized exceptions to the record-review rule in the analogous APA context. Amfac Resorts, 143 F. Supp. 2d at 11-12. An exception for constitutional claims is not one of them. And numerous courts have rejected the suggestion that there is a blanket exception for constitutional claims in that related context. *See, e.g., Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F.Supp.3d 1191, 1237–38 (D.N.M. 2014); *Harvard*

*Pilgrim Health Care v. Thompson*, 318 F.Supp.2d 1, 7–11 (D.R.I. 2004). Accordingly, Plaintiff's argument that he is entitled to discovery simply because he raises a constitutional claim fails.

To the extent the Court deems initial disclosures required, Defendants contend that the requirement should be stayed until the resolution of Plaintiff's planned motion for summary judgment.

Finally, Plaintiff's Amended Complaint also include a claim under the Freedom of Information Act ("FOIA"), Am. Compl. ¶¶ 180-87, but the Local Rules exempt FOIA claims too from the initial disclosure requirement. L.Cv.R. 26.2(a)(9).

**8. The anticipated extent of discovery, the subjects on which discovery may be needed, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.**

**Plaintiff's Position:** Plaintiff believes discovery is appropriate regarding Count I, ¶152, and Count II of the Amended Complaint.

Discovery is appropriate regarding Count I, ¶152. Limited discovery is allowed in record review cases upon a party's showing of "bad faith or improper behavior" in the administrative decisionmaking process. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). Here, as the Court wrote in its January 4, 2019 ruling denying Defendants' motion to dismiss that claim, "Paragraph 152 merely maintains that the VA's stated reason for firing Hawkins was pretextual, and thus arbitrary and capricious, because the then-Secretary himself also engaged in the allegedly violative conduct." ECF No. 39, at 2. Moreover, there are published media accounts that the then-Secretary actually engaged in the allegedly violative e-mail conduct at issue in Paragraph 152. Plaintiff is therefore entitled to conduct discovery regarding Paragraph 152.

Discovery is also appropriate regarding Count II, which claims Defendants violated Plaintiff's Fifth Amendment Right to Due Process. The "Supreme Court has held that a plaintiff who

is entitled to judicial review of its constitutional claims under the APA is entitled to discovery in connection with those claims." *Puerto Rico Pub. Hous. Admin. v. U.S. Dep't of Hous. & Urban Dev.*, 59 F.Supp.2d 310, 328 (D.P.R. 1999) (citing *Webster v. Doe*, 486 U.S. 592, 604 (1988)); *see also Rydeen v. Quigg*, 748 F.Supp. 900, 905-06 (D.D.C. 1990) (considering extra-record affidavits because "[w]hen reviewing constitutional challenges to agency decisionmaking, courts make an independent assessment of the facts and the law"). Plaintiff is therefore entitled to take discovery regarding his constitutional claim in Count II.

Plaintiff agrees the Court should apply its default rules for "Standard Cases," as identified in the Appendix to its February 11, 2019 Order for Initial Scheduling Conference. ECF No. 43, at 4. However, Plaintiff asks the Court to impose these deadlines from the date of the Court's adjudication of the Plaintiff's motion for partial summary judgment, rather than from the date of the initial scheduling conference, if necessary.

**Defendant's Position:** Defendants do not believe that discovery is appropriate in this case, for the reasons provided in paragraph 7, *supra*. But to the extent the Court permits discovery, Defendants agree that the Court should apply its default rules for Standard Cases, as stated in the Appendix to its February 11, 2019 Order for Initial Scheduling Conference, ECF No. 4. To the extent the Court allows discovery, and perhaps even if the Court limits judicial review to the administrative record as to the merits of Plaintiff's claims, Defendants contend that discovery may be needed for subjects related to the appropriate remedy, including without limitation reasonable mitigation efforts, offsetting employment income, and other topics bearing on Plaintiff's claim of entitlement to any of the forms of relief sought.

**9. Any issues about disclosure discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that, unless otherwise stated, each request made under Rule 34 of the

Federal Rules of Civil Procedure will be presumed to include a request for responsive electronically stored information ("ESI"). Such requests shall be reasonably limited in time. The parties have discussed the disclosure and discovery of ESI, and will confer upon the form or forms in which it should be produced. The parties agree to take steps to preserve information which they identify as reasonably discoverable based on the information known.

**10. Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties disagree whether certain alleged communications, which were the subject of Defendants' motion to strike, are covered by the attorney-client privilege. Also, in its Early Rule 34 requests, Defendants sought from Plaintiff communications that Plaintiff believes may be covered by the attorney-client privilege and/or attorney work product doctrine. The parties are not aware of any other such disputes at this time, but recognize that they might arise.

Defendants believes that an order under Federal Rule of Evidence 502(d) is appropriate and intends to submit one for the Court's approval, at the outset of any discovery period, which the parties agree should be stayed pending resolution of plaintiff's planned motion for partial summary judgment.

**11. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. Rule Civ. Pro. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

Neither party currently anticipates the need for expert witness reports or information. And Defendants, of course, that no discovery whatsoever is appropriate. But both parties agree that, if the Court sets such a deadline, it should follow its default rule for Standard Cases, and that any depositions of experts should occur prior to the close of the discovery period.

**12. In class actions, appropriate procedures for dealing with Rule 23, proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23**

**motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This provision does not apply to this case.

**13. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties agree that this case does not need to be bifurcated for trial. As for discovery, the parties agree that any discovery should be stayed pending resolution of Plaintiff's planned motion for partial summary judgment.

**14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

During their discussions about this joint report, Plaintiff inquired about a proposed schedule for processing and/or disclosure of documents responsive to his FOIA request (Count VI). Counsel for Defendant said said he was not prepared to discuss a schedule at that time because he needed to confer with the agency.

Plaintiff therefore asks the Court to issue a schedule for the Defendants' processing and disclosure of the requested information, or order the parties to jointly propose such a schedule.

Defendant anticipates proposing a schedule in the coming days.

DATE: March 12, 2019                                  Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

*s/ Justin M. Sandberg*
Justin M. Sandberg (Ill. Bar. No. 6278377)
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. N.W.
Washington, D.C. 20005
Tel.:   (202) 514-5838
Email: justin.sandberg@usdoj.gov

*Counsel for Defendants*

Christopher J. Keeven, D.C. Bar 993971
James P. Garay Heelan, D.C. Bar 997083
Shaw, Bransford & Roth, P.C.
1100 Connecticut Avenue, NW, Suite 900
Washington, D.C. 20036
Tel:    202-463-8400
Fax:   202-833-8082

*Counsel for Plaintiff*