**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BRIAN HAWKINS,              )
                                      )
               Plaintiff,     )
     v.                       )     No. 1:17-cv-2575-KBJ
                                        )
ROBERT WILKIE, Secretary of     )
Veterans Affairs, and          )
                                        )
DEPARTMENT OF VETERANS AFFAIRS, )
                                        )
              Defendants.    )
_____ )

**SECOND AMENDED ANSWER TO AMENDED COMPLAINT[1]**

Defendants hereby answer Plaintiff's amended complaint as follows:

**NATURE OF ACTION**

    1.      Admit.

    2.      Deny.

    3.      Deny.

    4.      Deny.

    5.      Deny.

    6.      Deny.

    7.      Admit, except to deny that the VA has improperly withheld records.

---

[1] Pursuant to Federal Rule of Civil Procedure 15(a)(2), Defendants obtained Plaintiff's written consent to file a second amended answer.

1

## PARTIES

8.      Defendants admit that Plaintiff is a U.S. citizen but lack information sufficient to admit or deny the remainder of the first sentence.  Defendants admit the second sentence.

9.       Defendants deny that Peter O'Rourke, who is no longer employed at the VA, is a Principal Officer of the United States, and admit that plaintiffs has sued the Secretary in his official capacity.

10.     Admit.

## JURISDICTION AND VENUE

11.     Admit.

12.     Admit.

13.     Admit.

14.     Admit.

## FACTUAL ALLEGATIONS

15.     Admit.

16.     Admit.

17.     Admit.

18.     Admit.

19.     Defendants deny the first sentence.  Defendants admit that a senior executive removed under 5 U.S.C. § 7543  has a right to appeal the removal to the Merit Systems Protection Board for a hearing before an Administrative Judge for de novo review, under a preponderance of the evidence standard of proof.

20.     Admit.

21.     Defendants admit that, on May 31, 2016, then Attorney General Lynch sent a letter to Congress under 28 U.S.C. § 530D but state that the Department of Justice declined to defend only 38 U.S.C. § 713(e)(2).

22.     Defendants deny this allegation, other than to admit that they abstained from relying on those provisions of 38 U.S.C. § 713 implicated by the §530D letter sent by then Attorney General Lynch to Congress to discipline VA employees.

23.     Admit.

24.     Admit.

25.     Admit.

26.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

27.     Deny.

28.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph; Wright-Simpson and Young are no longer with the Agency.

29.     Deny.

30.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph; Alaigh and Young are no longer with the Agency.

31.     Deny.

32.     Defendants lack knowledge or information sufficient to admit or deny the allegation in this paragraph.

33.     This paragraph contains allegations that, if true, describe communications protected by the attorney-client privilege, but Defendants are not required to disclose privileged information and on that basis decline to respond.

34.     Defendants admit with respect to the allegations in paragraph 32, and as to paragraph 33 state that the paragraph contains allegations that, if true, describe communications protected by the attorney-client privilege.

35.     This paragraph contains allegations that, if true, describe communications protected by the attorney-client privilege, but Defendants are not required to disclose privileged information and on that basis decline to respond.

36.     This the paragraph contains allegations that, if true, describe communications protected by the attorney-client privilege**.**

37.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

38.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

39.     This paragraph contains allegations that, if true, describe communications protected by the attorney-client privilege, but Defendants are not required to disclose privileged information and on that basis decline to respond.

40.     This the paragraph contains allegations that, if true, describe communications protected by the attorney-client privilege.

41.     This paragraph contains allegations that, if true, describe communications protected by the attorney-client privilege, but Defendants are not required to disclose privileged information and on that basis decline to respond.

42.     This the paragraph contains allegations that, if true, describe communications protected by the attorney-client privilege.

43.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph; Wright-Simpson and Culpepper are no longer with the Agency.

44.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

45.     Deny, except to admit that Secretary Shulkin indicated that he thought Hawkins should be removed from the federal service if Hawkins had, in fact, engaged in misconduct.

46.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

47.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

48.     Deny, except to admit that Wright-Simpson indicated that she thought Hawkins should be removed from federal service if Hawkins had, in fact, engaged in misconduct.

49.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

50.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

51.     Admit.

52.     Admit.

53.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

54.     Defendants admit that on April 26, 2017 then-Secretary Shulkin stated, in a briefing at the White House, that "we are continuing our investigation as to the actions that will result from the management perspective," but Defendants lack knowledge or information

sufficient to admit or deny the connection between the quoted language and the OIG Interim
Summary Report.

55.     Defendants lack knowledge or information sufficient to admit or deny the
allegations in this paragraph.

56.     Deny.

57.     Deny.

58.     Defendants admit the allegations in this paragraph, except to deny that the Federal
Circuit invalidated § 713 in its entirety; the Federal Circuit invalidated only § 713(e)(2) and
related portions of § 713(e)(3) and § 713(e)(5).

59.     Defendants deny, except to admit that, in a May 31, 2017 briefing at the White
House, then-Secretary Shulkin stated that "[d]espite the limitations of the existing law, we've
recently removed the Washington, D.C. medical director from their position" in reference to
Hawkins.

60.     Admit.

61.     Defendants admit that Vargas interviewed Hawkins on or around June 8, 2017,
but otherwise deny.

62.     Admit.

63.     Defendants deny, except to admit that the June 9, 2017 proposal to remove
Hawkins from the federal service charged Hawkins with "Failure to Exercise Effective
Oversight," "Failure to Follow Instructions," and "Failure to Follow Policy."

64.     Admit.

65.     Admit that 38 U.S.C. § 713 does not include language specifically addressing the standard of proof the Secretary is to use in deciding whether discipline is warranted on the basis of misconduct or performance.

66.     Deny.

67.     Admit.

68.     Deny.

69.     Defendants deny, except to admit that Plaintiff submitted a written response to LaPuz on July 5, 2017 addressing the June 9, 2017 proposed removal.

70.     Defendants deny, except to admit that, in his July 5, 2017 reply, Hawkins argued that his removal was predetermined by former Secretary Shulkin for political and media purposes.

71.     Admit.

72.     Deny.

73.     Deny.

74.     Deny.

75.     Deny.

76.     Deny.

77.     Admit.

78.     Admit.

79.     Admit.

80.     This paragraph calls for a legal conclusion, to which no response is required; to the extent a response is required, deny.

81.     Admit.

82.     Admit.

83.     Admit.

84.     Admit.

85.     Admit.

86.     Defendants lack knowledge or information sufficient to admit or deny the
allegations in this paragraph.

87.     Defendants admit that a statement regarding Plaintiff's removal containing the
quoted language was provided to select media outlets.

88.     Admit.

89.     Admit.

90.     Admit.

91.     Defendants admit that President Trump made the quoted statements on August 12,
2017 in Bedminster, New Jersey, but otherwise state that they lack knowledge or information
sufficient to admit or deny the remainders of the paragraph.

92.     Admit.

93.     Admit.

94.     Admit.

95.     Admit.

96.     Admit.

97.     The first sentence of this paragraph contains characterizations of the August 22,
2017 proposed removal to which no response is required. As to the second sentence, defendants
admit that the one of the charges was based on information in the possession of the Agency as of

June 9, 2017 and otherwise lack knowledge or information sufficient to admit or deny the allegations.

98.     Admit.

99.     Deny, except to admit that the August 22, 2017 proposal proposed Plaintiff's removal on the basis of substantial evidence.

100.    Admit.

101.    Admit.

102.    Admit.

103.    Admit.

104.    Admit.

105.    Defendants deny, except to admit that Plaintiff submitted his written response to the August 22, 2017 proposed removal on September 5, 2017.

106.    Admit.

107.    Defendants deny, except to admit that Plaintiff's September 5, 2017 written response included a declaration from Culpepper.

108.    Admit.

109.    Admit.

110.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

111.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

112.    Admit.

113.    Admit.

114.    Defendants admit that Tucker reviewed the Culpepper declaration included with Hawkins's response prior to issuing the decision, but to the extent this paragraph alleges anything else, Defendants lack knowledge or information sufficient to admit or deny the allegation(s).

115.    Deny, except to admit that the September 13, 2017 initial decision did not specifically and in detail analyze Plaintiff's arguments or evidence set forth in his September 5, 2017 response to the August 22, 2017 proposal of removal.

116.    Admit.

117.    Admit.

118.    Admit.

119.    Admit.

120.    Admit.

121.    Admit.

122.    Defendants lack knowledge or belief sufficient to admit or deny the allegations in this paragraph, except to admit that Shulkin and Vivieca Wright-Simpson sent emails from their government accounts to Shulkin's personal email account before August 22, 2017.

123.    Admit.

124.    Admit.

125.    Admit.

126.    Admit.

127.    Admit.

128.    Admit.

129.    Admit.

130.    Admit.

131.    Admit.

132.    Admit.

133.    Admit.

134.     Defendants lack knowledge or belief sufficient to admit or deny the allegations in this paragraph.

135.    Admit.

136.    Admit.

137.    Admit.

138.    Admit.

139.    Admit.

140.    Admit.

141.    Admit.

142.    Defendants admit that they have not yet produced any of the requested documents.

143.    Admit.

**CLAIMS FOR RELIEF**

**COUNT I – Judicial Review Pursuant to 38 U.S.C. § 713**

144.    Defendant incorporates the responses to paragraphs 11-117 and 120-123 as if stated here.

145.    Deny.

146.    Paragraph 146 calls for a legal conclusion and asks Defendants to assume the truth of a counter-factual hypothetical scenario, to which no response is required.  To the extent a

response is deemed required, Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, including without limitation the allegations that would require Defendants to assume the truth of a counter-factual hypothetical scenario.

147. Admit.

148. Deny.

149. Admit.

150. Admit.

151. Paragraph 151 calls for a legal conclusion, to which no response is required.  To the extent a response is deemed required, admit that the September 13, 2017 initial decision did not provide a specific, detailed analysis of particular arguments or evidence set forth in Plaintiff's September 5, 2017 response to the August 22, 2017 proposal of removal.

152. Deny.

153. Deny.

154. Deny.

155. Deny.

**COUNT II – Violation of Constitutional Due Process (Predetermination)**

156. Defendants incorporate their responses to paragraphs 11-118 and 125-26, 134, and 136 as if stated here.

157. Paragraph 157 calls for a legal conclusion, to which no response is required.  To the extent a response is deemed required, admit.

158. Admit.

159. Deny.

160. Deny.

161.    Deny.

**COUNT III – Violation of Constitutional Due Process (DVAAWPA Not Retroactive)**

162.    Defendants incorporate their responses to paragraphs 11-117 as if stated here.

163.    Deny.

164.    Deny.

165.    Admit.

166.    Admit.

167.    This paragraph contains a legal conclusion to which no response is required.

**COUNT IV – Violation of Constitution Due Process (Improper Use of Substantial Evidence Standard of Proof)**

168.    Defendants incorporate their response to paragraphs 11-117 as if stated here.

169.    Paragraph 157 calls for a legal conclusion, to which no response is required.  To

the extent a response is deemed required, deny.

170.    Deny.

171.    Deny.

172.    Deny.

173.    Deny.

174.    Deny.

**COUNT V – Violation of Statutory Due Process – 38 U.S.C. § 713 (2017)**

175.    Defendants incorporate their responses to paragraphs 11-117 as if stated here.

176.    Deny.

177.    Deny.

178.    Deny.

179.    Deny.

**COUNT VI – Failure to Release Non-Exempt Responsive Records – 5 U.S.C. § 552**

180.   Defendants incorporate their responses to paragraphs 119-143 as if stated here.

181.   Deny.

182.   Admit, except to deny that the applicable statutory provision is 5 U.S.C.

§ 552(a)(6)(i).  The proper citation is 5 U.S.C. § 552(a)(6)(A)(i).

183.   Admit.

184.   Admit.

185.   Defendants admit that they have not produced to Plaintiff any of the documents sought in his October 19, 2017 request.

186.   Admit.

187.   Admit.

<u>**PRAYER FOR RELIEF**</u>

The remaining paragraphs of Plaintiff's Amended Complaint contain his prayer for relief to which no response is required.

Date:  March 11, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

_____*s/ Justin M. Sandberg*_____
Justin M. Sandberg (Ill. Bar. No. 6278377)
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. St. NW, Rm. 11004
Washington, D.C. 20005
Tel.:    (202) 514-5838
Fax:    (202) 616-8202
Email: justin.sandberg@usdoj.gov

*Counsel for Defendants*

15