# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN HAWKINS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ROBERT WILKIE, Secretary of )<br>Veterans Affairs, and )<br>)<br>DEPARTMENT OF VETERANS AFFAIRS, )<br>)<br>Defendants. )<br>_____ ) | No. 1:17-cv-2575-KBJ |

## MOTION FOR STAY OR, IN THE ALTERNATIVE, EXTENSION OF TIME

Defendants hereby move for an initial 60-day stay of this case to facilitate settlement discussions. In the alternative, Defendants request a 28-day extension of time, from April 4, 2019 to May 2, 2019, within which to respond to Plaintiff's motion for summary judgment. Defendants state the following in support of this motion.

1) Plaintiff's amended complaint challenges his dismissal from the Department of Veterans Affairs and the civil service. ECF No. 22. Defendants filed a motion to dismiss and motion to strike, ECF No. 23, which the Court denied in January 2019, ECF No. 39. Defendants have since answered the amended complaint, *e.g.,* ECF No. 46, and Plaintiff has recently file a motion for summary judgment, ECF No. 47. By operation of the Local Rules, Defendants' response Plaintiff's motion for summary judgment is currently due on or before April 4, 2019.

2) The parties have substantively discussed settlement. In light of early discussions on that topic, Defendants proposed at the March 19, 2019 status conference that the Court stay the case to permit the parties to pursue settlement discussions.

3) As of March 19, Plaintiff had not filed his summary judgment motion. Based at least in part on this fact, the Court declined to stay the case. But the Court also declined to enter any discovery deadlines, *see* Minute Order, March 19, 2019, and stated that, following Plaintiff's submission of his summary judgment motion, Defendants could renew their request for a stay.

4) By this motion, Defendants renew their request for a stay.

5) The Court has the inherent power to control its docket and, by extension, the discretion to stay a case when appropriate in the interests of justice: "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

6) A stay would serve the interests of justice. After the filing of Plaintiff's summary judgment motion, counsel for the parties met in-person to discuss settlement. During that meeting, Defendants made a settlement offer, and now await Plaintiff's response. Litigating counsel's ability to focus on settlement will be negatively affected by the need to craft a response to Plaintiff's motion, which runs 41 pages and includes constitutional challenges. Further, a stay would serve the interests of efficiency by sparing the parties and Court from unnecessarily expending time and money, including attorney's fees, on a case that very well might settle.

7) Thus, Defendants request an initial 60-day stay of this litigation to enable the parties to focus on settlement. Defendants propose that, at the end of the 60-day period, the parties submit a status report indicating whether a continuation of the stay is warranted, or whether the Court should lift the stay and set a schedule for concluding the briefing of Plaintiff's summary judgment motion.

8) In the alternative, Defendants request a 28-day extension of time, from April 4, 2019 to May 2, 2019, within which to respond to Plaintiff's pending summary judgment motion. As explained above, Plaintiff's motion spans 41 pages and includes two constitutional challenges. Moreover, as also explained above, absent a stay, Defendants intend not only to respond to Plaintiff's motion, but to engage in settlement discussions. Finally, one of Defendants' litigating counsel will be out of the office from April 15 to April 19, and the other litigating counsel plans to be out of the office April 24 through April 26. This is Defendants' first request for an extension of this deadline.

9) Defendants consulted with Plaintiff regarding his position on this motion. Plaintiff opposes the motion for a stay. Plaintiff, however, consents to Defendants' request for an extension of time, on the condition that he be provided until June 3, 2019 to submit a reply brief in support of his summary judgment motion. Defendants consent to that request.

Accordingly, for the reasons stated above, the Court should enter a 60-day stay of this case to facilitate settlement discussions. In the alternative, the Court should grant Defendants a 28-day extension of time, from April 4, 2019 to May 2, 2019, within which to respond to Plaintiff's motion for summary judgment.

Date:  April 1, 2019		Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

    *s/ Justin M. Sandberg*
Justin M. Sandberg (Ill. Bar. No. 6278377)
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. St. NW, Rm. 11004
Washington, D.C. 20005
Tel.:   (202) 514-5838
Fax:   (202) 616-8202
Email: justin.sandberg@usdoj.gov

*Counsel for Defendants*