IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRIAN HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:17-cv-2575-KBJ |
| | ) | |
| ROBERT WILKIE, Secretary of | ) | |
| Veterans Affairs, and | ) | |
| | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT STATUS REPORT

On June 5, 2019 the Court issued a minute Order instructing the parties to file a joint status report on or before July 2, 2019, "which shall include a proposed schedule for further proceedings if litigation is going to be necessary."

Plaintiff filed suit primarily to challenge his removal from the U.S. Department of Veterans Affairs and the civil service. ECF No. 22. (The complaint also includes FOIA claims related to Plaintiff's removal claims.) Defendants then unilaterally rescinded that removal and reinstated Plaintiff. He returned to duty with the Agency on Monday, June 10, 2019, and resigned on Wednesday, June 12, 2019, effective that day. Defendants have also expunged any reference to the removal from his personnel file and agreed to pay back pay to Plaintiff, with appropriate deductions. The Parties have discussed the amount of back pay owed as a result of the Defendants' unilateral action, and disagree over the amount of back pay owed to Plaintiff.

Thus, the parties have made progress in resolving this case, but a dispute remains: The parties disagree about whether Defendants can deduct from Plaintiff's back pay the salary that he

earned at the job he obtained after his departure from the Agency, and in effect disagree about how to achieve mootness.

Plaintiff contends that the Defendants have no legal authority to take the Plaintiffs property by deducting the amount from his back pay owed as a result of the Defendants' unilateral action, and that if such amount is deducted in accordance with the Back Pay Act then the Back Pay Act in its entirety must be applied, including the provisions entitling the Plaintiff to interest on the back pay amount and attorney's fees. Defendants contend that Plaintiff's interpretation of the statute is incorrect, e.g., that the Back Pay Act does not require Defendants to put Plaintiff in a better position than if he had never been removed, and should not be interpreted to do so contrary to bedrock principles of equity, which guide remedial proceedings.

Accordingly, the Parties recommend that the Court set a schedule for briefing this remedial issue, which stands in the way of wrapping up Plaintiff's removal claims. Defendants recommend that they file an opening brief on August 15, 2019; Plaintiff file his response brief no later than twenty-one (21) days of the Defendants brief; and Defendants file a reply no later than fifteen (15) days of the Plaintiff's response.

Date: July 2, 2019                    Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

_____s/_____
Justin M. Sandberg (Ill. Bar. No. 6278377)
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. St. NW, Rm. 11004
Washington, D.C. 20005
Tel.:   (202) 514-5838
Fax:   (202) 616-8202
Email: justin.sandberg@usdoj.gov

*Counsel for Defendants*

Christopher J. Keeven, D.C. Bar 993971
James P. Garay Heelan, D.C. Bar 997083
Shaw, Bransford & Roth, P.C.
1100 Connecticut Avenue, NW, Suite 900
Washington, D.C. 20036
Tel:   202-463-8400
Fax:  202-833-8082

*Counsel for Plaintiff Brian Hawkins*