# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

BRIAN HAWKINS,

                    Plaintiff,

        v.

U.S. DEPARTMENT OF VETERANS
AFFAIRS, *et al.*,

                    Defendants.

Case No. 17-cv-2575 (JMC)

## MEMORANDUM OPINION AND ORDER

Under the Back Pay Act (BPA), if an "appropriate authority" finds that an agency employee was denied pay due to "an unjustified or unwarranted personnel action," that employee is entitled to the pay he would have earned absent the improper personnel action "less any amounts earned by the employee through other employment during that period." 5 U.S.C. § 5596(b)(1). Plaintiff Brian Hawkins was fired from his position at the U.S. Department of Veterans Affairs (the VA) and filed this lawsuit against the VA, its Secretary, and the United States of America challenging his removal. ECF 3; ECF 58.[1] While litigation was underway, the VA rescinded Hawkins' removal, reinstated him with back pay, and removed all references to his termination from his personnel file. *See* ECF 60 at 10–11. When the agency paid out Hawkins' back pay, it subtracted roughly $128,000 he made through other employment during the relevant time period. *Id.* at 10. The sole issue before this Court is whether Hawkins is potentially entitled to payment of that

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

The Court refers to Defendants collectively as "the VA" or "Defendants."

$128,000. If he is not, the case is moot. To determine whether Hawkins is potentially entitled to that payment, the Court must decide whether the BPA applies.

The Court concludes that an "appropriate authority" has already determined that Hawkins was "affected by an unjustified or unwarranted personnel action," triggering the BPA. The VA's $128,000 offset was therefore proper, and the Court **GRANTS** the VA's motion to dismiss the case (with the exception of Count XII) for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF 60.

## I.     STATUTORY BACKGROUND

Hawkins was a member of the Senior Executive Service (SES), and therefore afforded various statutory career protections. *See* ECF 58 ¶ 21; *Esparraguera v. Dep't of the Army*, 101 F.4th 28, 31 (D.C. Cir. 2024) (describing SES employee protections). Relevant here, 5 U.S.C. §§ 5382 and 5383 provide that members of the Senior Executive Service "shall be paid" consistent with regulations promulgated by the Office of Personnel Management (OPM). And, as a general rule, a federal employee "is entitled to the emoluments of his position until he has been legally disqualified." *United States v. Testan*, 424 U.S. 392, 402 (1976).

Sometimes, a federal employee's pay is withdrawn or reduced incorrectly. That is where the Back Pay Act comes in. The BPA provides:

> An employee of an agency who, on the basis of a timely appeal or an administrative determination . . . is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee . . . is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect— (i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through

other employment during that period; and (ii) reasonable attorneys
fees related to the personnel action.

5 U.S.C. § 5596(b)(1).

Federal regulations define "appropriate authority" for purposes of the BPA to include (as relevant here), "a court," and "the head of the employing agency or another official of the employing agency to whom such authority is delegated." 5 C.F.R. § 550.803.

## II.    FACTUAL BACKGROUND

Because this case turns on a narrow question—the applicability of the Back Pay Act—the Court provides only a brief summary of the relevant facts. Hawkins served as the Director of the VA's Washington, D.C. Medical Center from September 2011 to September 16, 2017, when he was removed from his position and the civil service for "misconduct." ECF 58 ¶¶ 21, 123, 126. He filed this suit soon after, arguing that his removal should be set aside as arbitrary and capricious. ECF 3. Hawkins alleged that he was terminated for political reasons, and that VA officials engineered baseless misconduct charges to justify his termination after they had already decided to fire him. *See, e.g.*, ECF 58 ¶¶ 55, 61–71, 79, 89, 100.

Things have changed since Hawkins initially filed suit. In May 2019, while this litigation was underway, the VA rescinded its September 2017 removal decision. *See* ECF 62-3. Acting Principal Deputy Under Secretary for Health Steven Lieberman issued a memorandum (the "Lieberman Memorandum") stating that Hawkins' "removal has been cancelled, back pay shall be provided, and all references to the rescinded action will be removed from [his] Official Personnel File"; that Hawkins was "directed to return to duty on June 10, 2019"; and that he had been reassigned to the position of Senior Advisor at the VA. *Id.* at 1. The Lieberman Memorandum did not explain why the agency had decided to cancel Hawkins' removal. *Id.* The VA completed a Standard Form 50 ("SF-50") to effectuate its cancellation of Hawkins' removal. ECF 61-4.

3

Hawkins returned to work at the VA on June 10, as ordered, then resigned on June 12. ECF 58 ¶¶ 146–47.

In the wake of the Lieberman Memorandum, this case was briefly stayed and the parties attempted mediation. *See* May 16, 2019 Minute Order; July 5, 2019 Minute Order. When mediation proved unsuccessful, Hawkins filed a second amended complaint at the direction of the Court. *See* Sept. 16, 2019 Minute Order; ECF 58. This complaint advanced twelve claims, but Hawkins later voluntarily withdrew Counts I–III, IV, and VI. *See* ECF 61-1 at 9 n.4. The following claims remain before the Court:

- Counts V and VII allege that Defendants withheld compensation and benefits for the period from September 2017 to June 2019 in violation of 5 U.S.C. §§ 5382 and 5383 (Count V) and committed an unconstitutional taking by doing so (Count VII). ECF 58 ¶¶ 202–13; 222–29.

- Counts VIII, IX, X, and XI concern the propriety of the removal decision itself. Hawkins claims that the VA's September 2017 decision to remove him was arbitrary, capricious, and not supported by substantial evidence (Count VIII), and violated due process because it was predetermined (Count IX), improperly applied a statute retroactively (Count X), and denied him the process required by that statute (Count XI). *Id.* ¶¶ 230–60.

- Count XII alleges that the VA violated the Freedom of Information Act ("FOIA") by failing to release non-exempt records responsive to a FOIA request Hawkins filed in October 2017. *Id.* ¶¶ 261–67.[2]

---

[2] Neither party moves for relief on Hawkins' FOIA claim, so the Court need not address it today. *See* ECF 60 (arguing that Hawkins' non-FOIA claims are moot); ECF 61-1 at 24 (seeking summary judgment on all remaining counts except Count XII).

The day after Hawkins filed his revised complaint, the VA paid him $71,799.89 in back pay. ECF 60-3 at 4. To arrive at that figure, the agency calculated the total amount Hawkins would have earned at the VA between September 2017 and June 2019, then subtracted the $127,877.60 he earned during that period in the new job he had taken as CEO of the Family Health Centers of Baltimore. *See* ECF 60 at 10; ECF 60-3 at 3, 6. The VA subsequently removed all documents from Hawkins' personnel file that referenced his removal, ECF 60-4, and removed a press release from its website that mentioned his termination, ECF 60-5.

The parties thereafter filed dispositive motions, which the Court discusses below. The Court held oral argument on the pending motions in October 2020 (Brown Jackson, J.), and April 2022 (Cobb, J.). *See* ECF 70; Apr. 5, 2022 Minute Entry.

### A. Defendants' 12(b)(1) Motion to Dismiss

The VA moves to dismiss Hawkins' non-FOIA claims pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Hawkins has received all the relief he was entitled to under the Back Pay Act, that there is no further relief the Court can award, and therefore the case is moot. *See* ECF 60 at 12–13. Hawkins opposes, contending that it is unclear whether the Back Pay Act in fact applies. *See* ECF 61-1 at 8. If no "appropriate authority" has determined that Hawkins' removal was "unjustified or unwarranted," as required by statute, then the BPA was never triggered. *See id.* at 10–11. And if the BPA was never triggered then—per Hawkins—he is entitled to his entire VA salary and benefits (with no offset for the roughly $128,000 he earned at his new job) because 5 U.S.C. §§ 5382–83 guarantee him *full* pay and benefits. *Id.* at 12–15. Hawkins therefore argues that because a court could still award him the remaining $128,000 in back pay, his claims are not moot. *See id.* On reply, the VA counters that Hawkins cannot sue for back pay

under 5 U.S.C. §§ 5382–83 because such a suit would be barred by sovereign immunity. ECF 64 at 2–3.

### B. Hawkins' Cross-Motion for Summary Judgment

Hawkins moves simultaneously for summary judgment on his remaining non-FOIA claims. ECF 62. In this motion, he advances a different argument: that the VA itself made a finding that his removal was unjustified or unwarranted, triggering the BPA. *See* ECF 62-1 at 15–19. He therefore asks the Court to rule as a matter of law that his termination was improper, and that he is entitled to attorney's fees under the BPA. *Id.* at 19–21. Hawkins argues in the alternative that, if there was no determination by an "appropriate authority" that triggered the Back Pay Act, the VA violated the Fifth Amendment by withholding roughly $128,000 of the salary to which he is statutorily entitled. *Id.* at 23. Defendants oppose, arguing again that Hawkins' claims are moot because he has already received all the relief he is entitled to under the BPA, and that his Fifth Amendment claims fail on the merits. ECF 64 at 6–7. Defendants do not seem to contest Hawkins' argument that the VA itself made a determination that triggered the BPA. *See id.*

### C. Hawkins' Requested Relief

Although Hawkins initially requested various sorts of declaratory relief, including a name-clearing hearing, *see* ECF 61-1 at 8, counsel clarified during the April 2022 oral argument that the only remaining relief Hawkins seeks in this litigation is payment of the roughly $128,000 in back pay that the VA withheld. Hawkins no longer seeks any declaratory relief from this Court.

## III.    LEGAL STANDARD

For the reasons explained below, the Court resolves this case under Federal Rule of Civil Procedure 12(b)(1). When assessing a motion to dismiss under Rule 12(b)(1), "it is to be presumed that a cause lies outside the federal courts' limited jurisdiction." *Muhammad v. FDIC*, 751 F. Supp.

2d 114, 118 (D.D.C. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A court must "treat the complaint's factual allegations as true" and afford the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

## IV.    ANALYSIS

A case becomes moot when there is no further relief the court could award to the prevailing party. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013). The only remaining relief Hawkins requests from this Court is payment of the roughly $128,000 that the VA subtracted from his back pay award. If Hawkins is potentially entitled to that payment, the case is still live. Otherwise, the case is moot.

The parties agree that, if the Back Pay Act applies, the VA's offset was proper and therefore Hawkins is not entitled to the $128,000 the VA withheld. The parties also agree that if an "appropriate authority" determined that Hawkins' removal was "unjustified or unwarranted," then the BPA would apply. So, the threshold question for the Court is: has an appropriate authority already made such a finding? Because this is a matter of the Court's jurisdiction, the Court finds it appropriate to look beyond the pleadings to the record evidence submitted by Hawkins. *See Feldman v. Fed. Deposit Ins. Corp.*, 879 F.3d 347, 351 (D.C. Cir. 2018) (holding that, where the court's subject-matter jurisdiction is at issue, the court must "go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to

dismiss" (quoting *Phoenix Consulting v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000))). The record reveals that the VA itself must have found Hawkins' removal to be unjustified or unwarranted in order to cancel his removal and expunge it from his employment records. The Court therefore concludes that the BPA does apply and Hawkins has received all the relief to which he is entitled under that statute.

First, the Lieberman Memorandum and associated SF-50 state that the agency "cancelled" Hawkins' removal. *See* ECF 62-3 at 1; ECF 61-4 (Box 5-B). A cancellation "rescinds an earlier action that was improper, that was proper but contains references to an improper action, or that contains remarks that are inappropriate or erroneous and that should not have been recorded." ECF 61-6 at 2; *see also* ECF 61-7 at 6. So, if the VA "cancels" a removal, that means the removal was improper or at least contained improper references. The SF-50 also indicates the authority who made the cancellation decision: "[t]he head of the employing agency or his or her designee." ECF 61-6 at 8 (Rule 11); *see* ECF 61-4 (Boxes 5-C and 5-E). And the SF-50 cites, as the legal authority for the cancellation decision, both the Lieberman Memorandum and "5 U.S.C. 5596. Back Pay." ECF 61-4 (Boxes 5-D and 5-F).

Second, at the time that the agency cancelled Hawkins' removal, Executive Order (EO) 13,839 was in effect.[3] EO 13,839 provided that agencies "shall not erase, remove, [or] alter . . . employee's official personnel records . . . as part of, or as a condition to, resolving a formal or informal complaint by the employee or settling an administrative challenge to an adverse personnel action." ECF 61-5 at 1. And OPM guidance interpreting that Executive Order explained:

> [The EO's] requirements should not be construed to prevent agencies from taking corrective action should it come to light . . . that the information contained in a personnel record is not accurate or records an action taken by the agency illegally or in error. In such cases, an agency would have the authority, unilaterally

---

[3] EO 13,839 was revoked in January 2021. *See* Executive Order 14,003.

or by agreement, to modify an employee's personnel file to remove inaccurate information or the record of an erroneous or illegal action . . . [H]owever, *the agency must ensure that it removes only information the agency itself has determined to be inaccurate or to reflect an action taken illegally or in error*."

ECF 61-5 at 1–2 (emphasis added).

The VA not only canceled Hawkins' removal—it purged all references to that removal from his personnel files. *See* ECF 60-4. Under EO 13,839 and the relevant guidance in force at the time, the agency could not have done so unless it first "itself determined" that Hawkins had been removed "illegally or in error." ECF 61-5 at 2. The VA does not substantively contest this interpretation of EO 13,839 and the related regulations, nor does it advocate a different reading of the Lieberman Memorandum or SF-50.[4] *See* ECF 64 at 6–7 (failing to raise these issues).

To translate this into the language of the BPA: an "appropriate authority" (the head of the VA or his designee) must have made "an administrative determination" that Hawkins' removal was "unjustified or unwarranted." 5 U.S.C. § 5596(b)(1); *see* 5 C.F.R. § 550.803. Otherwise, the VA could not have (lawfully) canceled Hawkins' removal and expunged it from his personnel file. Is that enough to trigger the BPA? *Maney v. Department of Health and Human Services*, 637 F. Supp. 1128 (D.D.C. 1986) suggests that it is. In *Maney*, a federal employee received a poor performance rating, making her ineligible for a bonus and certain future pay increases. 637 F. Supp. at 1129. The employee filed a grievance, and the Grievance Examiner recommended that her performance rating be raised. *Id.* The agency accepted the Examiner's recommendation, bumped up the employee's performance rating, and retroactively paid out the bonus and pay

---

[4] At oral argument, the government's only rejoinder to this argument was that EO 13,839 and related OPM guidance do not restrict the Attorney General's power to settle claims in litigation. But no one is challenging what the Department of Justice can or cannot do in settling a case—after all, this case did not settle. The narrow issue before the Court is: what findings did the VA (not the DOJ) make by cancelling Hawkins' removal and expunging it from his personnel file?

increase she should have received given the revised performance rating. *Id.* But when the employee sued in federal court under the BPA to recover attorneys' fees, the agency argued that the BPA did not apply because "the Grievance Examiner made no findings that any law had been violated and found no substantive or procedural defects in the supervisor's decision." *Id.* at 1130. The court rejected this "narrow reading" of the BPA, explaining that "[t]he Grievance Examiner's recommendation that plaintiff receive a higher performance rating was made with the implicit recognition that the personality conflict between plaintiff and her supervisor interfered with the supervisor's duty to evaluate plaintiff impartially." *Id.* Hawkins' case is similar: the VA's decision to cancel his removal, given the state of the law at the time, carried "the implicit recognition" that his removal was improper, even if the agency never identified the particular "substantive or procedural defects" that made his removal improper. *See id.* And, like in *Maney*, the agency has itself already paid out Hawkins' earnings retroactively. *See id.* "The Court need not engage in semantic gymnastics to conclude that what plaintiff received was back pay" authorized by the BPA, given the agency's own representations that it paid Hawkins under the BPA. *Id.* Thus, as in *Maney*, the Court concludes that the VA did make a finding—even if implicitly—that was sufficient to trigger the BPA.

* * *

For the foregoing reasons, the record is clear that the VA itself made an administrative determination that Hawkins' removal was "unjustified and unwarranted." The Court finds that this determination triggered the Back Pay Act, and the VA acknowledges that it has already paid Hawkins pursuant to the BPA. And because the parties agree that the VA's roughly $128,000 offset was proper under the BPA, and payment of that $128,000 was the only remaining relief Hawkins sought from this Court, Hawkins's non-FOIA claims are moot. The Court therefore

**GRANTS** the VA's motion to dismiss for lack of subject-matter jurisdiction, ECF 60, and

**DENIES** Hawkins' motion for summary judgment, ECF 62, as moot. The parties are **ORDERED**

to file a joint status report by **May 1, 2025**, updating the Court on the status of Hawkins' FOIA

request and any further matters for the Court's consideration in light of this decision.

      **SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: April 1, 2025